No. 22-8024

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

BP AMERICA PRODUCTION COMPANY,

     Petitioner/Appellants

vs.

DEBRA ANNE HAALAND, Secretary, United States Department of the Interior; KIMBRA DAVIS, Director, Office of Natural Resources Revenue, United States Department of the Interior,

     Respondents/Appellees.

---

*Appeal from the United States District Court for the District of Wyoming*
*Hon. Nancy D. Freudenthal, U.S. District Court Judge*
*District Court Case No. 21-CV-00105-NDF*

---

## PETITION FOR REHEARING EN BANC

---

Sarah Y. Dicharry
Jonathan A. Hunter
JONES WALKER, LLP
210 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170-5100
Phone: 504-582-8000
Email: sdicharry@joneswalker.com
Email: jhunter@joneswalker.com

Hadassah M. Reimer
HOLLAND & HART LLP
645 S. Cache St., Suite 100
Post Office Box 68
Jackson, Wyoming 83001
Phone: (307) 739-9741
Fax: (307) 739-8175
hmreimer@hollandhart.com

*Attorneys for Plaintiff/Appellant*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION AND RULE 35 STATEMENT ...................................................1

LEGAL FRAMEWORK ........................................................................................2

ANALYSIS ............................................................................................................4

    A. The Court's decision overlooks RSFA's jurisdictional limitations. ..............6

        i.   The $10,000 threshold is the <u>only</u> relevant factor for determining whether "any monetary obligation" is deemed decided in favor of an appellant or Interior...........................................6

        ii.  The $10,000 threshold must be applied to each individual royalty obligation. ................................................................................8

    B. The Court erred by reading ambiguity into the statute where none exists. .................................................................................................10

    C. Any doubt must be resolved against federal jurisdiction. ............................15

    D. Section 1724(h) is a jurisdiction-conferring statute and the issue before the Court became relevant only when Interior lost jurisdiction, not before. ...................................................................................................17

CONCLUSION .....................................................................................................18

CERTIFICATE OF COMPLIANCE......................................................................19

CERTIFICATE REGARDING PRIVACY REDACTIONS AND DIGITAL SUBMISSIONS .............................................................................................20

CERTIFICATE OF SERVICE ..............................................................................21

#102016163v1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Statutes & Statutory History**

30 U.S.C. § 1702(25) .................................................................*passim*

30 U.S.C. § 1721(a) ..............................................................................3

30 U.S.C. § 1724(b) .............................................................................4

30 U.S.C. § 1724(c) ..........................................................................3, 5

30 U.S.C. § 1724(h) .................................................................*passim*

H.R. REP. NO. 104-667 ........................................................................3

S. REP. NO. 104-260 .............................................................................3

**Federal Cases**

*Asadi v. G.E. Energy U.S., L.L.C.*,
    720 F.3d 620 (5th Cir. 2013) ......................................................10

*Bd. Of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*,
    25 F. 4th 1238 (10 Cir. 2022) .................................................2, 16

*Bowers v. New York & Albany Lighterage Co.*,
    273 U.S. 346 (1927)......................................................................14

*BP Am. Prod. Co. v. Burton*,
    549 U.S. 84 (2006)........................................................................14

*Chevron U.S.A., Inc. v. Watt*,
    564 F. Supp. 1256 (E.D. La. 1983).................................................9

*Cliffs Synfuel Corp. v. Norton*,
    291 F.3d 1250 (10th Cir. 2002) .....................................................6

*Conrad v. Phone Directories Co.*, 585 F.3d 1376 (10th Cir. 2009) ......................15

*Devon Energy Production Co., L.P. v. Gould*,
    421 F. Supp. 3d 1213, 1226 (D. Wyo. 2019) ...............................15

#102016163v1

*Diamond Shamrock Expl. Co. v. Hodel*,
   853 F.2d 1159 (5th Cir. 1988) ...........................................................................10

*Glover Constr. Co. v. Andrus*,
   591 F. 2d 554 (10th Cir. 1979) ...........................................................................6

*Hackwell v. United States*,
   491 F.3d 1229 (10th Cir. 2007) .......................................................................12

*Kerr-McGee Oil & Gas Corp. v. Dep't of the Interior*,
   554 F.3d 1082 (5th Cir. 2009) ...........................................................................9

*Mallow v. IRS (In re Mallow)*,
   774 F.3d 1313 (10th Cir. 2014) ...................................................................9, 11

*Murphy Exploration & Production Co. v. U.S. Dep't of Interior*,
   252 F.3d 473 (D.C. Cir. 2001)...........................................................................17

*Pritchett v. Office Depot, Inc.*,
   420 F.3d 1090 (10th Cir. 2005) ...........................................................................6

*Santa Fe Snyder Corp. v. Norton*,
   385 F.3d 884 (5th Cir. 2004) ...........................................................................9

*United States v. Fields*,
   516 F.3d 923 (10th Cir. 2008) .......................................................................17

*W&T Offshore, Inc. v. Jewell*,
   No. 14-cv-2449, 2018 U.S. Dist. LEXIS 90387 (W.D. La. Feb. 23,
   2018) ...................................................................................................................3

#102016163v1

## INTRODUCTION AND RULE 35 STATEMENT

Appellant, BP America Production Company ("BP"), respectfully requests a rehearing en banc pursuant to Fed. R. App. P. 35 because this proceeding involves a novel question of exceptional importance concerning the jurisdictional consequences of the Department of Interior's ("Interior") failure to issue a final, departmental-level decision within the limited timeframe imposed by the Federal Oil and Gas Royalty Management Act ("FOGRMA"), as amended by the Royalty Simplification and Fairness Act ("RSFA") (collectively, at 30 U.S.C. §§ 1701 *et seq.*).[1]  Alternatively, BP respectfully requests panel rehearing under Fed. R. App. P. 40 because the Court misconstrued the significant issue of the scope of its own jurisdiction to review the deemed final result that occurred by operation of law when Interior failed to timely act.

Under RSFA, when Interior "fails" to issue a final, departmental-level decision in an "administrative proceeding" within the time prescribed by Congress (the "RSFA 33-Month Period"), then the Secretary is "deemed" to have (A) "granted a decision in favor of the appellant as to any … monetary obligation the principal amount of which is less than $10,000[,]" "and" (B) "issued a decision in favor of the Secretary … as to any monetary obligation the principal amount of which is $10,000

---

[1] Unless otherwise specified, references to RSFA mean FOGRMA, as amended by RSFA.

or more[.]"[2]   Congress expressly limited federal court jurisdiction to review a deemed final decision – jurisdiction extends only "as to any monetary obligation" deemed decided in favor of Interior under Section 1724(h)(2)(B).

Here, Interior issued an order to enforce 443 individual royalty obligations, 432 of which were for a principal amount of less than $10,000, and 11 of which were for a principal amount of $10,000 or more.  Because Interior failed to issue a final decision in the administrative proceeding within the RSFA 33-Month Period, it was deemed to have issued a final decision in Interior's favor "as to" only the 11 monetary obligations for a principal amount of less than $10,000.  Accordingly, the Court's jurisdiction is limited "as to" those 11 obligations.  In exercising jurisdiction over the other 432 royalty obligations, the Court exceeded the scope of its limited jurisdiction under RSFA's Section 1724(h)(2)(B).

Jurisdiction-conferring statutes "are to be strictly construed, and doubts resolved against federal jurisdiction."[3]   Because the Court's decision impermissibly expands the scope of the limited federal court jurisdiction conferred by Congress in Section 1724(h)(2)(B), BP respectfully avers that rehearing is warranted in this case.

---

[2] 30 U.S.C. § 1724(h)(2).

[3] *Bd. Of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, 25 F. 4th 1238, 1250 (10 Cir. 2022) (quotations omitted).

## **LEGAL FRAMEWORK**

Under federal oil and gas leases, lessees may explore for and develop oil and gas, subject to certain conditions, including the royalty "obligation" arising under federal leases and RSFA, which must be satisfied either by monetary payment ("duty of a lessee … to pay … royalty") or by non-monetary volumetric delivery (the "duty of a lessee to deliver … royalty in kind"[4]), depending on Interior's election.  Each royalty obligation "becomes due" "on the last day of the calendar month following the month" of the production from which that royalty obligation arises.[5]  And, "[w]here royalty payments" – that is, monetary royalty obligations – "are not received by [the Office of Natural Resources Revenue ("ONRR")] on the date that such payments are due, or are less than the amount due," then interest accrues from the date on which that obligation became due "on the amount of the deficiency."[6]

---

[4] 30 U.S.C. §§ 1702(25)(B)(i)-(ii)(I).

[5] 30 U.S.C. § 1724(c)(2).

[6] 30 U.S.C. § 1721(a).  *See* Report and Recommendation, *W&T Offshore, Inc. v. Jewell*, No. 14-cv-2449, 2018 U.S. Dist. LEXIS 90387, *20-21 (W.D. La. Feb. 23, 2018) (underpayment interest accrues only on monetary royalty obligations but not on non-monetary royalty obligations), *adopted by* No. 2:14-cv-2449, 2018 U.S. Dist. LEXIS 90312 (W.D. La. May 30, 2018), *aff'd in part and rev'd in part on other grounds sub nom, W&T Offshore, Inc. v. Bernhardt*, 946 F.3d 227 (5th Cir. 2019).

In 1996, responding to a long history of Interior allowing audits and administrative appeals of royalty orders to "languish" for years,[7] Congress amended FOGRMA to incentivize faster agency action by imposing clear time limitations on Interior's enforcement authority in two significant ways.  <u>First</u>, Congress imposed a seven-year statute of limitations on Interior's ability to initiate an administrative proceeding to enforce a royalty obligation through issuance of an order.  If Interior fails to timely take action to enforce any obligation at this first step, then it "shall not take any other or further action regarding that obligation[,]" *regardless of whether the obligation is due*.[8]

<u>Second</u>, Congress imposed the RSFA 33-Month Period on Interior's authority to resolve disputed royalty obligations through the exercise of its discretion.  Thus, if Interior fails to issue a final, departmental-level decision in an "administrative proceeding" within the RSFA 33-Month Period, then it is deemed to have issued a final decision, which – by operation of law (rather than exercise of agency discretion) – (A) resolves "any monetary obligation the principal amount of which

---

[7] *See* S. REP. NO. 104-260, AT 14; H.R. REP. NO. 104-667, at 13-14.

[8] 30 U.S.C. § 1724(b)(1).

is less than $10,000" in favor of the appellant,[9] "and" (B) resolves "any monetary obligation the principal amount of which is $10,000 or more" in favor of Interior.

## ANALYSIS

This case involves hundreds of individual monetary royalty obligations arising from the production and sale of three separate lease products (oil, residue gas, natural gas liquids) from over 20 leases and during seven production months in 2012. Each obligation "became due" "on the last day of the calendar month following the month" of production.[10] In 2017, ONRR initiated an administrative proceeding to enforce each obligation by issuing an Order to Pay (the "Order"),[11] which identified each obligation by lease, product, and production month.[12] BP pursued the required two-stage appeal procedure to dispute the asserted obligations. First, BP appealed to the ONRR Director, which issued the "Director's Decision,"

---

[9] Like the seven-year statute of limitations, RSFA's Section 1724(h)(2)(A) cuts off Interior's right to enforce obligations (of less than $10,000), *regardless of whether the obligation is due*.

[10] 30 U.S.C. § 1724(c)(2).

[11] The State of Wyoming issued the Order on ONRR's behalf through delegated authority.

[12] Aplt. App. at A-165 to A-168.

amending the Order to exclude particular obligations.[13]  The Order, as amended by the Director's Decision, directed BP to remit additional royalties attributable to 443 obligations, 432 of which were for a principal amount of less than $10,000, and 11 of which were for a principal amount of $10,000 or more.[14]  BP appealed to the Interior Board of Land Appeals (the "Board").  Because the Board failed to issue a decision within the RSFA 33-Month Period, Interior was deemed to have resolved the disputed obligations by operation of law.

Under RSFA, the deemed final decision favored Interior – and resulted in conferral of federal court jurisdiction – *only* "as to" the 11 obligations for a principal amount of $10,000 or more.  But the Court exercised jurisdiction over all 443 obligations captured by the administrative proceeding.  In doing so, the Court exceeded the scope of its limited jurisdiction.  Because of the importance of properly applying Congressional limitations on federal court jurisdiction, BP respectfully avers that rehearing is warranted in this case.

**A. The Court's decision overlooks RSFA's jurisdictional limitations.**

---

[13] *See id.* at A-186 to A-204 (Director's Decision "[a]mended Enclosure 6 to the Order … to reverse any royalty obligation related to a Lease or production month where BP was not a lessee[.]").

[14] Each obligation is identified in BP's Opening Brief, pp. 12-14.

Courts must construe statutes "in a manner so as to effectuate the intent of the enacting body, and [] an unambiguous statute must be given its plain and obvious meaning[,]"[15] in light of "the larger statutory context."[16]  Additionally, jurisdiction-conferring statutes "are to be narrowly construed in light of [federal courts'] constitutional role as limited tribunals."[17]

       **i.**    **The $10,000 threshold is the <u>only</u> relevant factor for determining whether "any monetary obligation" is deemed decided in favor of an appellant or Interior.**

Under Section 1724(h)(2), the Secretary's deemed final decision was (A) "in favor of" BP "as to any monetary obligation the principal amount of which is less than $10,000"; "**<u>and</u>**" (B) "in favor of" Interior "as to any monetary obligation the principal amount of which is $10,000 or more[.]"[18]  Thus, the $10,000 threshold is the single factor determining whether "any monetary obligation" was deemed decided in BP's favor or in Interior's favor.

---

[15] *Glover Constr. Co. v. Andrus,* 591 F. 2d 554, 561 (10th Cir. 1979).

[16] *Cliffs Synfuel Corp. v. Norton*, 291 F.3d 1250, 1257 (10th Cir. 2002) (quoting *Osborne v. Babbitt,* 61 F.3d 810, 812 (10th Cir. 1995)).

[17] *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).

[18] The 11 specific monetary obligations deemed decided in Interior's favor are identified in BP's Opening Brief, p. 23.

The Court's focus on the term "issues" in Section 1724(h)(2)(B)[19] misses the mark. The "issues" developed in the administrative proceeding are irrelevant to the threshold question under Section 1724(h)(2) of whether "any monetary obligation" is resolved under Section 1724(h)(2)**(A)** in favor of an appellant or Section 1724(h)(2)**(B)** in favor of Interior. This is evident given that Congress never mentioned "issues" in Section 1724(h)(2)(A). Congress's reference to "issues" in Section 1724(h)(2)**(B)** is directly related to Congress's conferral of federal court jurisdiction in Section 1724(h)(2)(B). And it makes sense that Congress did not refer to "issues" in Section 1724(h)(2)**(A)** because a deemed final result under that provision is not subject to judicial review. Commonality of issues does not make obligations resolved under Section 1724(h)(2)(A) subject to judicial review. Instead, on judicial review, issues deemed upheld under Section 1724(h)(2)**(B)** may be applied *only* "as to" the 11 monetary obligations resolved under that provision. Those "issues" may not be applied "as to" the 432 monetary obligations resolved under Section 1724(h)(2)**(A)** because a deemed final result under Section 1724(h)(2)(A) is unreviewable. As with the seven-year statute of limitations, Congress cut off Interior's right to enforce obligations resolved under Section

---

[19] Decision, pp. 21-25.

1724(h)(2)(A) based *only* on Interior's failure to timely act (not the merit of the "issues").

### ii. The $10,000 threshold must be applied to each individual royalty obligation.

Contemporaneously with its addition of Section 1724(h)'s deemed final result provision to the royalty statute, Congress also expressly defined "obligation" in Section 1702(25) to include *both* non-monetary royalty obligations (the "duty" to "deliver … royalty in kind") *and* monetary royalty obligations (the "duty" to "pay … royalty" in "monies").  Based on Congress's definition of obligation, Section 1724(h)(2) provides that different obligations shall be resolved differently – non-monetary obligations are deemed decided in the appellant's favor under Section 1724(h)(2)**(A)**; "and" monetary obligations less than $10,000 are deemed decided in the appellant's favor under Section 1724(h)(2)**(A)**; "and" monetary obligations equal to or greater than $10,000 are deemed decided in Interior's favor under Section 1724(h)(2)**(B)**.

Had Congress intended for the $10,000 threshold to be applied to the entire amount at issue in an order, it would have drafted Section 1724(h)(2) to achieve that result by referring to the defined term "order to pay" rather than the defined term "obligation," as follows:

> If no such decision has been issued by the Secretary within the 33-month period ... –

(A) the Secretary shall be deemed to have issued and granted a decision in favor of the appellant as to any nonmonetary obligation and ~~any monetary obligation the~~ **any order to pay involving a** principal amount of ~~which is~~ less than $10,000; ~~and~~ **or**

(B) the Secretary shall be deemed to have issued a decision in favor of the Secretary … as to ~~any monetary obligation the~~ **any order to pay involving a** principal amount of ~~which is~~ $10,000 or more …

(The stricken language is the text that Congress chose to use in Section 1724(h); the bolded and underlined language is the text that Congress would have used had it intended the Court's construction.) But the "[t]he statute simply does not say this."[20] And the Court is bound by "the plain and unambiguous language" that Congress used.[21] Under RSFA's plain language – and applying RSFA's clear definitions – whether a deemed final result favors an appellant or Interior – and, in turn, the scope of the Court's jurisdiction – is "obligation"-specific, not "order"-specific.

**B. The Court erred by reading ambiguity into the statute where none exists.**

---

[20] *Chevron U.S.A., Inc. v. Watt*, 564 F. Supp. 1256, 1260 (E.D. La. 1983) (rejecting Interior's regulatory interpretation that was inconsistent with the "plain meaning and intent of Congress"). *See also Kerr-McGee Oil & Gas Corp. v. Dep't of the Interior*, 554 F.3d 1082 (5th Cir. 2009) (Interior did not have authority to unilaterally impose lease terms that deprived offshore lessees of billions of dollars in statutory "royalty relief"); *Santa Fe Snyder Corp. v. Norton*, 385 F.3d 884 (5th Cir. 2004) (Interior did not have authority to promulgate regulations that diluted statutorily mandated "royalty suspension volumes" below the volumes that Congress mandated).

[21] *Mallow v. IRS (In re Mallow)*, 774 F.3d 1313, 1327 (10th Cir. 2014).

The "plainness or ambiguity of statutory language is determined by reference to the language itself" and "the specific context in which that language is used" in the statute.[22]  When Section 1724(h) is informed by the definition of "obligation" in Section 1702(25) and considered in context with the individualized nature of royalty obligations – which the Court repeatedly acknowledges – and the possibility that those obligations may be monetary or non-monetary, there is no ambiguity.  The $10,000 threshold must be applied to each monetary royalty obligation, and the Court's jurisdiction to review a deemed final decision extends only "as to" obligations at or above the $10,000 threshold.

To avoid a result that the Court concluded was contrary to Congress's intent – *viz.*, Interior's inability to enforce 432 "obligations" that were "correctly calculated and assessed," the Court focuses its analysis on the definition of "order to pay" rather than the definition of "obligation" in construing the phrase "monetary obligation" in Section 1724(h)(2).  The Court found ambiguity because the definition of "order to pay" "speaks to a single obligation" but here the Order arises from hundreds of

---

[22] *Asadi v. G.E. Energy U.S., L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013) (quoting *Robinson v. Shell Oil Co*., 519 U.S. 337, 341 (1997)). *See also Diamond Shamrock Expl. Co. v. Hodel*, 853 F.2d 1159, 1165 (5th Cir. 1988) (court considered the royalty-related statutory text in the context of "all the relevant statutes, regulations, and lease provisions").

individual royalty obligations.[23]  To resolve this perceived ambiguity, the Court concluded that the phrase "monetary obligation" in Section 1724(h) "is the total amount ordered paid … not each of the 443 constituent royalty obligations."  This analysis unlawfully expands the narrow scope of federal court jurisdiction under Section 1724(h)(2)(B).

***First*, the Court failed to apply Congress's definition of "obligation."**  The Court is "bound to apply the statute according to its plain terms even if such an interpretation seems contrary to the broader purposes" of RSFA – which it is not – or if the Court "is convinced that Congress intended a different result" – which it did not.[24]  In construing the statutory language "monetary obligation," the Court "should [have] look[ed]" to the definition of the term "obligation" that "Congress thought it advisable" to provide in Section 1702(25).[25]  There is *no support* in Congress's definition of "obligation" for the Court's conclusion that ONRR's issuance of an order triggers a *new* obligation.  Under RSFA, royalty obligations arise from lease production, not from ONRR's issuance of orders.

---

[23] Decision, 19.

[24] *In re Mallow*, 774 F.3d at 1327.

[25] *Hackwell v. United States*, 491 F.3d 1229, 1240 (10th Cir. 2007) (courts "should look to the statutory definition of the term and begin with the ordinary meaning of that language rather than with the 'ordinary meaning' of the term that Congress thought it advisable to define").

**Second**, **the Court misconstrued the purpose of orders under RSFA**. With RSFA, Congress carefully crafted a consistent, multi-part system governing its multi-billion-dollar royalty program. The different parts of that system – like the accrual of individual royalty obligations and the enforcement of those obligations – must work together. Under RSFA, orders enforce pre-existing obligations; orders do not and cannot create new obligations. Thus, when ONRR issued the Order in 2017, it did not impose on BP any *new* obligation. Instead, it sought to enforce over 400 pre-existing, individual royalty obligations arising from production of three lease products from over 20 leases during seven production months in 2012. The Court reads too much into the reference to a singular obligation in RSFA's definition of "order to pay." Interior could have issued a single order for each obligation, as that definition recognizes; but its decision to cover hundreds of obligations in the Order for administrative convenience (which BP does not take issue with) does not alter the individualized nature of royalty obligations.

This is more than a semantic issue. It is impossible to square the Court's decision, which provides for the creation of a single new obligation (encompassing hundreds of "constituent" royalty obligations) when an order is issued, with Congress's definition of "obligation" and the individualized nature of royalty obligations and the enforcement of those obligations under RSFA. And, the consequences of the Court's misreading of "obligation" in Section 1724(h)(2) reach

far beyond that particular provision.  For instance, under RSFA, the seven-year statute of limitations applies to each "obligation."  If the Order triggers a new obligation, then how does the statute of limitations apply to that obligation (as it must under RSFA), given that each underlying royalty obligation is already subject to its own seven-year statute of limitations?  The Court's decision replaces RSFA's carefully-crafted system with an unclear and unworkable system.

*Third*, **the Court's decision gives Interior authority that Congress eliminated**.  In Section 1724(h), Congress eliminated Interior's discretion to decide how to resolve "any" "obligation" at issue in an administrative proceeding when Interior fails to timely act.[26]  Congress decided that, when Interior fails to timely act in an administrative proceeding, "any" monetary "obligation" (e.g., payment of royalties in cash) for a principal amount of less than $10,000 "shall" be resolved in an appellant's favor.[27]

The Court's decision undoes this restriction on Interior's authority, effectively allowing Interior to control the result under Section 1724(h)(2), and encourages delay rather than efficiency.  According to the Court, Interior can *always* achieve a deemed final result in its favor by issuing orders capturing numerous individual

---

[26] 30 U.S.C. § 1724(h).

[27] 30 U.S.C. § 1724(h)(2)(A).

obligations and then electing not to act on a lessee's appeal disputing those obligations.  But this is not a choice that Congress gave Interior.  Instead, Congress *required* Interior to act within the RSFA 33-Month Period – "[t]he Secretary ***shall*** issue a final decision in any administrative proceeding" within the RSFA 33-Month Period[28] – and Congress imposed "obligation"-specific consequences for Interior's "fail[ure]"[29] to do so.

***Fourth*, the Court's consternation about the outcome of this case is misplaced**.  Statutory provisions limiting the right to enforce obligations based on the passage of time are common and unremarkable.[30]  And federal courts routinely apply statutes of limitation without hesitation.  For instance, in *Devon Energy Production Co., L.P. v. Gould*, the court applied RSFA's seven-year statute of limitations to vacate ONRR's demand for additional royalties on a monetary royalty obligation that was barred by RSFA's seven-year limitations period, *notwithstanding* the substantive basis for ONRR's demand.[31]  Congress's imposition

---

[28] 30 U.S.C. § 1724(h)(1).

[29] 30 U.S.C. § 1724(h)(2).

[30] *See BP Am. Prod. Co. v. Burton,* 549 U.S. 84 (2006) ("Congress … has enacted specific statutes of limitations to govern specific administrative actions.").

[31] 421 F. Supp. 3d 1213, 1226 (D. Wyo. 2019).

of time-based limitations on Interior's ability to enforce royalty obligations at Section 1724(h)(2) is no different.

Further, the Court overlooks that Interior controls the speed with which it processes administrative proceedings. Interior created the two-step administrative appeal process for orders to pay like the Order at issue here. And Interior controlled the pace of BP's appeal. But the Board still failed to issue a final decision within the RSFA 33-Month Period. The Court's decision impermissibly allows Interior to avoid the statutory consequences of its own failure to timely act.

## C. Any doubt must be resolved against federal jurisdiction.

Courts must narrowly construe statutory grants of jurisdiction to effectuate clear and easily-applicable jurisdictional rules.[32] And, any "doubts" about the scope of federal court jurisdiction must be "resolved against federal jurisdiction[.]"[33] Further, in enacting RSFA, Congress had two goals – "fairness" and "simplicity."

Here rather than advancing a narrow interpretation that results in an easily-applicable jurisdictional rule that serves the goals of fairness and simplicity, the Court's decision does the opposite. The Court reads ambiguity into RSFA where none exists by using the defined term "order to pay" to inform the meaning of the

---

[32] *E.g. Suncor Energy*, 25 F. 4th at 1250; *Conrad v. Phone Directories Co.*, 585 F.3d 1376 (10th Cir. 2009).

[33] *Suncor Energy*, 25 F. 4th at 1250.

term "obligation" in Section 1724(h)(2). And the Court's decision fashions a complicated jurisdictional test that creates more questions than it answers and erroneously fails to resolve perceived ambiguity against federal jurisdiction.

BP's analysis relies on the definition of "obligation" that Congress provided in Section 1702(25) and results in a bright-line, clearly applicable jurisdictional rule where the $10,000 threshold is applied to each monetary obligation captured by a given administrative proceeding. Further, BP's analysis effectuates the multi-part system that Congress created with RSFA by harmonizing (i) the individualized nature of royalty obligations under RSFA, (ii) the consequences of Interior's failure to act timely to enforce any individual obligation (under the seven-year statute of limitations and the RSFA 33-Month Period), and (iii) Congress's express limitations on federal court jurisdiction over the deemed final resolution of any obligation.

Even if Section 1724(h)(2) is ambiguous, the Court should have resolved that ambiguity "against federal jurisdiction."[34]

## D. Section 1724(h) is a jurisdiction-conferring statute and the issue before the Court became relevant only when Interior lost jurisdiction, not before.

The Court suggests that BP should have addressed the consequences of Interior's failure to timely act under Section 1724(h) during its administrative

---

[34] *Id.*

appeal.  But that issue did not ripen until Interior lost jurisdiction over the administrative proceeding when the RSFA 33-Month Period expired.  Before that point, there was no deemed final result and, therefore, no issue to address under Section 1724(h)(2).  Further, because Section 1724(h)(2)(B) confers jurisdiction to the federal courts, it is "categorically not a matter of agency judgment"[35] and Interior's interpretation of Section 1724(h)(2)(B) – either in its regulations or in a decision issued through the appeal process – is not entitled to deference and is not relevant.[36]  Given this context, it should come as no surprise that the Board has never had the occasion to address this issue.

## **CONCLUSION**

BP respectfully avers that rehearing en banc (or, alternatively, by the panel) is warranted here to correct the Court's error on an issue of the utmost importance – the scope of federal court jurisdiction under Section 1724(h)(2)(B).  As explained above, that provision clearly limits this Court's jurisdiction to only 11 obligations.  But even if the statue was ambiguous, that ambiguity should have been resolved against jurisdiction.

---

[35] *United States v. Fields*, 516 F.3d 923, 934 (10th Cir. 2008).

[36] *Murphy Exploration & Production Co. v. U.S. Dep't of Interior*, 252 F.3d 473, 482 (D.C. Cir. 2001).

Dated this 19th day of January, 2024.

*/s/ Sarah Y. Dicharry*
Sarah Y. Dicharry                                    Hadassah M. Reimer
Jonathan A. Hunter                                   HOLLAND & HART LLP
JONES WALKER, LLP                                    645 S. Cache St., Suite 100
210 St. Charles Avenue, Suite 5100                   Post Office Box 68
New Orleans, Louisiana 70170-5100                    Jackson, Wyoming 83001
Phone: 504-582-8000                                  Phone: (307) 739-9741
Email: sdicharry@joneswalker.com                     Fax: (307) 739-8175
Email: jhunter@joneswalker.com                       Email: hmreimer@hollandhart.com

*Attorneys for Plaintiff/Appellant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify as follows:

1.      This document complies with the type-volume limitation of Fed. R. App. P. 40(b).  Excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(B), the brief contains 3,869 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).  It has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Date:  January 19, 2024              */s/ Sarah Y. Dicharry*
                                     Sarah Y. Dicharry
                                     JONES WALKER LLP
                                     *Attorney for Plaintiff/Appellant*

## CERTIFICATE REGARDING PRIVACY REDACTIONS AND DIGITAL SUBMISSIONS

I hereby certify that all required privacy redactions have been made to this document.  Said document has been scanned for viruses with Kofax Power PDF Advanced and Metadata Assistant 5, and according to the programs is free of viruses.

Date:  January 19, 2024

*/s/ Sarah Y. Dicharry*
Sarah Y. Dicharry
JONES WALKER LLP
*Attorney for Plaintiff/Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2023, I electronically filed the foregoing

Opening Brief of Appellants using the court's CM/ECF system which will send

notification of such filing to the following:

William B. Lazarus
U.S. Department of Justice Environment
& Natural Resources Division
Ben Franklin Station
P.O. Box 7415
Washington, DC 20044
william.lazarus@usdoj.gov

Jasmine M. Peters
Office of the United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003-0668
jasmine.peters@usdoj.gov

Justin Heminger
U.S. Department of Justice Environment
& Natural Resources Division
950 Pennsylvania Avenue, NW
Washington, DC 20530-0000
justin.heminger@usdoj.gov

Nicholas Vassallo
Office of the United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003-0668
nick.vassallo@usdoj.gov

*/s/ Sarah Y. Dicharry*
Sarah Y. Dicharry
JONES WALKER LLP
*Attorney for Plaintiff/Appellant*